SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X
KIM ELLEN SHIPMAN,                                    Index No.: 605271/2018

                Plaintiff,                  **VERIFIED ANSWER**

   -against-

THE 3M COMPANY (f/k/a MINNESOTA MINING
AND MANUFACTURING CO.); ANGUS FIRE; THE
ANSUL COMPANY; BUCKEYE FIRE PROTECTION
COMPANY; CHEMGUARD NATIONAL FOAM; and
THE TOWN OF EAST HAMPTON, NEW YORK,

                Defendants.
-------------------------------------------------------------------------X

       Defendant, TOWN OF EAST HAMPTON, NEW YORK, by its attorneys, DEVITT SPELLMAN BARRETT, LLP, as and for its Verified Answer to plaintiff's Verified Complaint, states upon information and belief as follows:

### ANSWERING ALLEGATIONS IN THE INTRODUCTION.

       1.    Denies the allegations contained in paragraph 1 of the verified complaint pertaining to the Town of East Hampton and, as to the remainder of the allegations contained therein, those allegations characterize the relief sought by the plaintiffs against all defendants and, as such, the Town of East Hampton makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder against the Town of East Hampton.

       2.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 2, 3, 4, 5, 6, and 7 of the verified complaint, except denies that the Town of East Hampton was a manufacturer or a seller of the chemicals that are identified therein.

3.  The allegations contained in paragraph 8 of the verified complaint against characterize the relief sought by the plaintiffs against all defendants and, as such, the Town of East Hampton makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder against the Town of East Hampton.

### ANSWERING ALLEGATIONS AS TO THE PARTIES

4.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 25 of the verified complaint.

5.  In response to the allegations contained in paragraph 23 of the verified complaint, admits that the Town of East Hampton owns the property upon which the East Hampton Airport operates, and denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained therein.

6.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the verified complaint due to the absence of identifying details in the verified complaint for the parcels of property.

### ANSWERING ALLEGATIONS AS TO JURISDICTION AND VENUE

7.  The allegations contained in paragraphs 26 and 27 of the verified complaint purport to invoke the jurisdiction of the Court and the venue of this action and, as such, the Town of East Hampton makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder against the Town of East Hampton.

## ANSWERING THE GENERAL FACTUAL ALLEGATIONS

**Background Regarding PFOS and PFOA**

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 28, 29, 30, 31 and 32 of the verified complaint.

**Persistent**

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 33, 34, 35, 36, 37 and 38 of the verified complaint.

**Bioaccumulative**

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 39, 40, 41 and 42 of the verified complaint.

**Toxic**

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 43, 44, 45, 46, 47, 48 and 49 of the verified complaint.

**AFFF Use at the Airport**

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 50, 51, 52, 53, 54, 55, 60 and 63 of the verified complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 56, 57, 58, 59, 61 and 62 of the verified complaint, but denies the allegations contained therein to the extent that they allege that the Town of East Hampton engaged in any conduct or had any duty or obligation pertaining to affixing labels to AFFF products and warning uses of the AFFF products, and that the Town of East Hampton knew of the dangers of AFFF products, used those products and did not recall those products.

**Regulatory Action for Safe Drinking Water**

14.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78 and 79 of the verified complaint.

**Local Contamination**

15.     I response to the allegations contained in paragraphs 80, 81, 82, 84, 85, 86, 87, and 88 of the verified complaint, admits that the Suffolk County Department of Health Services, Office of Water Resources, has been installing and sampling wells and conducting testing of private and public water supplies in the vicinity of the East Hampton Airport, and denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained therein.

16.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 83, 92, 94, 96, 97, 100, 101 and 102 of the verified complaint.

17.     Denies the allegations contained in paragraphs 89, 90 and 91 of the verified complaint, refers the Court to East Hampton Town Board Resolution Numbers 2017-1130 and 2018-97, copies of which are collectively annexed hereto as Exhibit A and states, upon information and belief, that the cost of the bottled water program in 2017 was $3,580.23 and the cost in 2018 has been approximately $3,628.75 to date.

18.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 93, 95, 98 and 99 of the verified complaint, and denies any conduct giving rise to any cause of action against the Town of East Hampton.

## ANSWERING THE CLASS ACTION ALLEGATIONS

19. In response to the allegations contained in paragraph 103 of the verified complaint, the Town of East Hampton repeats, reiterates and realleges each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, and 120 of the verified complaint, except denies that plaintiff can bring this action as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules, and denies any conduct giving rise to any cause of action for money damages and injunctive relief against the Town of East Hampton.

## ANSWERING THE FIRST CAUSE OF ACTION
### Medical Monitoring -- Against All Defendants

21. In response to the allegations contained in paragraph 121 of the verified complaint, the Town of East Hampton repeats, reiterates and realleges each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 122, 123, 124, 125, 126, and 127 of the verified complaint, except denies any allegations to the extent that they are intended to apply to the Town of East Hampton and denies any conduct giving rise to any cause of action against the Town of East Hampton.

## ANSWERING THE SECOND CAUSE OF ACTION
### Negligence -- Against the Manufacturing Defendants

23. In response to the allegations contained in paragraph 128 of the verified complaint, the Town of East Hampton repeats, reiterates and realleges each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 129, 130, 131, 132, 133, 134, 135, 136, 137 and 138 of the verified complaint, except denies any allegations to the extent that they are intended to apply to the Town of East Hampton and denies any conduct giving rise to any cause of action against the Town of East Hampton.

### ANSWERING THE THIRD CAUSE OF ACTION
### Defective Product -- Failure to Warn
### Against the Manufacturing Defendants

25. In response to the allegations contained in paragraph 139 of the verified complaint, the Town of East Hampton repeats, reiterates and realleges each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, and 153 of the verified complaint, except denies any allegations to the extent that they are intended to apply to the Town of East Hampton and denies any conduct giving rise to any cause of action against the Town of East Hampton.

### ANSWERING THE FOURTH CAUSE OF ACTION
### Defective Product -- Design Defect
### Against the Manufacturing Defendants

27. In response to the allegations contained in paragraph 154 of the verified complaint, the Town of East Hampton repeats, reiterates and realleges each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 155, 156, 157, 158, 159, 160, 161, 162, 163, and 164 of the verified complaint, except denies any allegations to the extent that they are intended to apply to the Town

of East Hampton and denies any conduct giving rise to any cause of action against the Town of East Hampton.

### ANSWERING THE FIFTH CAUSE OF ACTION
### Negligence -- Against Town of East Hampton

29. In response to the allegations contained in paragraph 165 of the verified complaint, the Town of East Hampton repeats, reiterates and realleges each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

30. The allegations contained in paragraphs 166, 167, 168, 169, 170 and 171 of the verified complaint set forth legal arguments pertaining to the Town of East Hampton's alleged duties and the referenced provisions of Chapter 180 of the Town Code of the Town of East Hampton to which no responsive pleading is required, and the Town of East Hampton makes no answer save to deny any conduct giving rise to any claim thereunder, refers the Court to Chapter 180 of the Town Code of the Town of East Hampton for its contents and refers questions of law to the Court.

31. Denies the allegations contained in paragraphs 172 and 174 of the verified complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 173 of the verified complaint.

### ANSWERING THE DAMAGES SOUGHT BY THE CLASS

33. In response to the allegations contained in paragraph 175 of the verified complaint, the Town of East Hampton repeats, reiterates and realleges each and every response heretofore made with the same force and effect as if the same were set forth at length herein.

34. The allegations contained in paragraphs 176, 177, 178, 179 and 180 of the verified complaint characterize the relief sought by the plaintiffs against all defendants and, as

such, the Town of East Hampton makes no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder against the Town of East Hampton, and further states that punitive damages are not recoverable against a municipality in the State of New York.

**FIRST DEFENSE**

35.    That if the plaintiff recovers herein against two or more tort-feasors jointly liable and/or if the culpable conduct of any person not a party to this action is considered in determining any equitable share herein and if the answering defendant's liability is 50% or less of the total liability assigned, then the answering defendant's liability for non-economic loss shall not exceed the equitable share as determined by the answering defendant's percentage of liability for non-economic loss pursuant to New York Civil Practice Law and Rules Article 16.

**SECOND DEFENSE**

36.    That the occurrence was caused or contributed to by the negligence of the plaintiff herein and the damages which she is entitled to are diminished by the amount of her negligence which contributed to the occurrence.

**THIRD DEFENSE**

37.    That any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff including contributory negligence or assumption of risk, and not by the culpable conduct or negligence of the answering defendant.

**FOURTH DEFENSE**

38.    That the plaintiff cannot prosecute this action due to her failure to comply with Town Law Section 67 and Sections 50-e, 50-h and 50-i of the General Municipal Law.

**FIFTH DEFENSE**

39.     The plaintiff's complaint fails to state a cause of action.

**SIXTH DEFENSE**

40.     Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care, property damage or rehabilitative services, loss of earnings or other economic loss, has been or will be with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

**SEVENTH DEFENSE**

41.     The plaintiff failed to take those steps necessary to mitigate her damages.

**EIGHTH DEFENSE**

42.     In the event that plaintiff has given or hereafter gives a release or a covenant not to use or not to enforce a judgment to any person or persons liable or claimed to be liable in tort for the same injury claimed in this action, answering defendant is entitled to reduce the claim against answering defendant to the extent of the amount stipulated by the release or covenant, or in the amount of the consideration paid for it or in the amount of the released tortfeasor's equitable share of the damages under Article 14 of the New York Civil Practice Law and Rules, whichever is the greatest pursuant to New York General Obligation Law §15-108.

**NINTH DEFENSE**

43.     The plaintiff's claims are barred by the applicable Statute of Limitations.

## CROSS-CLAIM

44. That if the plaintiff sustained the injuries in the manner alleged, all of which has been denied by this cross-claiming defendant, then such injuries were caused in whole or in part by the negligence of one or more of the named co-defendants. By reason of the foregoing, this answering defendant is or will be entitled to have judgment over and against the co-defendant(s) in whole or in part as to any sum awarded to plaintiff against this answering defendant.

WHEREFORE, defendant Town of East Hampton demands judgment dismissing the verified complaint herein, together with the costs and disbursements of this action.

Dated: Smithtown, New York
May 1, 2018

Yours, etc.,

DEVITT SPELLMAN BARRETT, LLP

By: _____
THEODORE D. SKLAR
Attorneys for Defendant Town of East Hampton
50 Route 111, Suite 314
Smithtown, New York 11787
(631) 724-8833

TO:
Daniel A. Osborn, Esq.
THE OSBORN LAW GROUP
Attorneys for Plaintiff
200 North Sea Road, Suite B
Southampton, New York 11968
(631) 353-3355

Jillian C. Kirn, Esq.
Greenberg Traurig
Attorneys for Defendant National Foam
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
(215) 988-7880

Angus Fire
141 Junny Road
Angier, N.C. 27501

Buckeye Fire Protection Company
110 Kings Road
Kings Mountain, N.C. 28086

The 3M Company, f/k/a Minnesota Mining and Manufacturing Co.
C/O Corporation Service Co.
251 Little Falls Drive
Wilmington, DE 19808

Chemguard, Inc.
C/O CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201

The Ansul Company
C/O CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

## VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF SUFFOLK )

MICHAEL SENDLENSKI, ESQ., being duly sworn, deposes and says:

I am the Town Attorney of the defendant, TOWN OF EAST HAMPTON, a municipal corporation and a party to the within action; I have read the foregoing Verified Answer and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters I believe it to be true. This Verification is made by me because the above party is a municipal corporation, and I am an officer thereof.

_____
MICHAEL SENDLENSKI

Sworn to before me this
1st day of May, 2018

_____
Notary Public

MAURA S. GLEDHILL
Notary Public, State of New York
No. 01GL6167419
Qualified in Suffolk County
Commission Expires May 29, 20_19_